**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-1491 & 18-1492
_____

UNITED STATES OF AMERICA

v.

DAVID WAYNE MILES,

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Nos. 1-17-cr-00241-001 & 1-08-cr-00049-001)
District Judge: Hon. Christopher C. Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 15, 2019
_____

Before: GREENAWAY, JR., SHWARTZ, and PORTER, <u>Circuit Judges</u>.

(Filed: January 16, 2019)

_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

David Wayne Miles appeals his bank robbery convictions and sentence as well as his consecutive sentence for violating terms of a previously imposed period of supervised release. Miles's counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738 (1967). We will grant the motion and affirm.

I

In 2009, Miles pleaded guilty to three counts of bank robbery and was sentenced to 120 months' imprisonment and three years' supervised release. He was released from prison in 2016. In 2017, while on supervised release, Miles committed and pleaded guilty to two counts of bank robbery and one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a). There was no plea agreement. As a result of these bank robberies, Miles was also charged with violating the terms of his 2009 supervised release ("VOSR").

The Probation Office noted that the maximum statutory sentence for each bank robbery count is twenty years' imprisonment and three years' supervised release, and, based upon the total offense level, calculated a United States Sentencing Guidelines range of 140 to 175 months' imprisonment. Miles objected to the initial offense level calculation, which included a four-level abduction enhancement for the first and second counts. The Government declined to press for the abduction enhancements and instead sought two-level enhancements for physical restraint. Miles objected to the physical restraint enhancements. The District Court sustained his objection and found the appropriate Guidelines range to be 100 to 125 months.

2

No departure motions were filed, but Miles requested a downward variance from the Guidelines range to a combined 60 months' imprisonment for both the robberies and VOSR because his crimes were motivated by his addiction and he showed contrition. The District Court instead responded by observing that an upward variance "could be justified," App. 84, due to the nature and circumstances of the offenses (involving serious, repetitive behavior, and death threats), Miles's background and circumstances (including addiction and mental health issues), and the need to promote respect for the law and public safety. As a result, the Court declined to grant the downward variance and imposed a sentence of 125 months' imprisonment, to be followed by three years' supervised release.

The District Court then considered Miles's VOSR. Miles understood that by pleading guilty to the 2017 robberies, he necessarily admitted to violating the conditions of his 2009 supervised release. The Court determined that Miles had knowingly and voluntarily waived the right to a revocation hearing and accepted his admission. Miles faced a statutory maximum sentence of 24 months' imprisonment, but he sought a downward variance and asked to serve the VOSR sentence concurrent with the robbery sentence. The Court denied Miles's request, revoked his 2009 supervised release, and imposed a consecutive sentence of 24 months' imprisonment.

Miles's counsel filed an appeal and a motion to withdraw, asserting that there are no nonfrivolous grounds for appeal, and Miles filed a pro se brief challenging aspects of his bank robbery convictions and sentences.

3

II[1]

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in Anders to assure that indigent clients receive adequate and fair representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). This rule allows defense counsel to file a motion to withdraw and an accompanying brief pursuant to Anders when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300 (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988). To comply with the Rule 109.2(a) requirements, an Anders brief must (1) show that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if wholly frivolous, and (2) explain why the issues are frivolous. Marvin, 211 F.3d at 780-81. If these requirements are met, the Anders brief

---

[1]Because bank robbery is a federal offense, see 18 U.S.C. 3213(a), the District Court had jurisdiction over those charges under 18 U.S.C. 3231. The District Court had authority to revoke supervised release under 18 U.S.C. 3583(e). This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because Miles did not object to the validity of the pleas or the reasonableness of the sentences before the District Court, our review is for plain error. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).

4

guides our review and we need not scour the record.  See Youla, 241 F.3d at 300-01.

Counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues.  First, the brief demonstrates a thorough examination of the record, identifying the knowing and voluntary nature of Miles's guilty plea for the robbery convictions and VOSR and the reasonableness of the sentences. Second, the brief explains why any challenge to Miles's plea or sentences would be frivolous.  Counsel's Anders brief is therefore sufficient, and we will proceed to review the issues he noted in addition to those Miles presented pro se.

B

The plea and VOSR proceedings complied with Federal Rules of Criminal Procedure 11 and 32.1, respectively, and there is no suggestion that the guilty plea and VOSR admission were anything other than knowing and voluntary.  Miles's argument that his plea is invalid because the Government failed to present documents showing that the deposits of the banks he robbed were federally insured is without basis.  Miles admitted to the facts set forth by the Government, which included that each of the banks he robbed was federally insured.

Any challenges to the sentences are also without merit because the sentences imposed are both procedurally and substantively reasonable.  See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc); United States v. Bungar, 478 F.3d 540, 542 (3d Cir. 2007).

With respect to procedural reasonableness, a district court must (1) calculate the applicable Guidelines range, (2) consider any departure motions, and (3) meaningfully

5

consider all relevant 18 U.S.C. § 3553(a) factors, including any variance requests. United

States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010). The District Court followed this

three-step process and imposed within-Guidelines sentences for both the robberies and

VOSR. With respect to the robbery sentence, the Court (1) calculated the applicable

Guidelines range, (2) had no departure motions before it, and (3) gave "rational and

meaningful" consideration to the § 3553(a) factors—including Miles's background,

addiction and mental health issues, considerable criminal history, the fact that he

committed multiple robberies while on supervised release for prior robbery convictions,

and the need for just punishment, deterrence, and rehabilitation—and the variance

request.[2] See Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571

(3d Cir. 2007) (en banc)). Thus, the Court's sentence was procedurally reasonable.

Furthermore, we cannot say that the sentences imposed were substantively

unreasonable. A sentence is substantively reasonable unless "no reasonable sentencing

court would have imposed" it. Id. Based on Miles's criminal record, including the fact

that he committed two bank robberies and attempted a third while on supervised release,

we cannot say that "no reasonable sentencing court would have imposed" the within-

Guidelines sentence of 125 months' imprisonment to be followed by three years'

---

[2] Miles's argument that the District Court failed to address his request for a downward variance for the robbery sentence is baseless. Here, the Court not only considered Miles's request for a downward variance, but also observed that an upward variance would be appropriate under the circumstances, but declined any variance, up or down, and imposed a within-Guidelines sentence.

supervised release that the District Court ordered for the bank robbery convictions.[3] Id.

With respect to the 24-month consecutive VOSR sentence, the District Court (1) calculated the applicable Guidelines range (here, 24 months), (2) had no departure motions before it, and (3) evaluated the § 3553(a) factors and the downward variance Miles requested—a six-month revocation sentence to run concurrent with his imprisonment for the bank robberies. The Court concluded that the consecutive statutory maximum sentence of 24 months' imprisonment was "the necessary consequence for [Miles's] behavior," namely his inability to comply with conditions of release and that his prior bank robbery sentence did not deter him from committing additional crimes. App. 96-97. Thus, the consecutive VOSR sentence was procedurally reasonable. See United States v. Thornhill, 759 F.3d 299, 314 (3d Cir. 2014) (affirming imposition of consecutive revocation sentences); United States v. Jones, 740 F.3d 127, 144 (3d Cir. 2014) (affirming denial of request for downward variance). Moreover, we cannot say that "no reasonable sentencing court would have imposed" the same VOSR sentence, Tomko, 562 F.3d at 568, and therefore, it was substantively reasonable.

---

[3] Miles's claim that the District Court erred by imposing, as part of the robbery sentence, additional conditions of supervised release without making findings that those conditions were supported by the § 3553(a) factors, does not constitute plain error. The only specific objection Miles raises regarding the additional conditions is that some duplicate mandatory and standard conditions already imposed; however, he does not argue that the additional conditions, or the standard and mandatory conditions they purportedly duplicate, are improper or explain how they are unwarranted. As a result, he has not demonstrated that his "substantial rights" were affected. Rosales-Mireles v. United States, 138 S. Ct. 1897, 1904 (2018). Accordingly, Miles has failed to show that the Court plainly erred in imposing the additional conditions.

## III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm Miles's robbery convictions and sentence as well as the VOSR sentence.